Henderson, Judge,
 

 delivered the opinion of the Court.
 

 It is unnecessary to decide any other point in' this case' than the statute of limitations. More than three years had-elapsed from the time the cause of action accrued, to- the bringing of this suit, and the Plaintiff is not within any of the savings of the act. But he alleges, that this was a transaction founded in fraud,- and that he brought the action within less than three years after he made the discovery. Were it not for the difficulty of ascertaining the fact, when the discovery was made, and we were now legislating on the subject instead of expounding the law, we might make such an exception. But it is not in the act, nor is there any thing like
 
 it;
 
 and we cannot put it there. It is neither in its letter nor spirit.
 

 But it is said, the statute of limitations does not run where there is a fraud or trust. It is true, where there is a pure trust, in which case Equity has exclusive jurisdiction, also in eases where there is a fraud in which Equity has the like jurisdiction, the Court of Equity will permit or not, at its discretion, lapse of time to bar an investigation : but that Court is bound by no statute on the subject
 
 ;
 
 for the
 
 subject matter
 
 is not one of the cases barred by the statute of limitations. It is a pure Equity, not within the letter or spirit of the act. It is neither an action on the case, nor any other action mentioned in the statute 3 nor does it embrace tho subject matter of any such action. The Court is free, therefore, to exercise its discretion in the application of the maxim in Equity respecting time. But if it were on a subject matter cognizable at law, and within tbe cases provided for in the act of limitations, that act is as positive a bar in a Court of Equity, as in a Court of Law. For the maxim is, not that Equity respects time, but that Equity follows the
 
 *119
 
 law. It is from these rules in Equity that a common saying lias gone abroad, that the statute of limitations does not run where there is a trust or a fraud : and J.udge Williams said it on the bench more than once. ¡But it ,is very clear that it was a mistake. For, except a case in Massachusetts, and a few
 
 nisi prius
 
 cases in this state, not a case can be found where such
 
 k
 
 rule is established ; nor do I know how any should be expected. When the words of the . act and of its sayings are so explicit, we are not at liberty to travel out of them. The Court are therefore of opinion, that the rule for a new trial should be .made absolute.